IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00063-WYD-KMT

ERIK ALLSOPP, CHAD STRODE, BRENNAN BOSE, CHRIS GARROU, NOBUHIKO KISHI and JAY HATHAWAY-CLARK, on behalf of themselves and all similarly situated persons,

    Plaintiffs,

v.

AKIYAMA, INC., a Colorado corporation, ZHU X. "JUDY" HARRIS, and TODD D. HARRIS,

    Defendants

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON STATE LAW CLAIMS

Pursuant to FED.R.CIV.PROC. 56, Plaintiffs submit the following Motion for Summary Judgment on State Law Claims (the "Motion"), as follows:

### I. INTRODUCTION

This lawsuit concerns violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, the Colorado Wage Claim Act, § 8-4-101, *et seq* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act"). This Motion seeks summary judgment as to Plaintiffs' claims under Colorado state law. In particular, Plaintiffs contend that, while employed by Defendant Akiyama, Inc. ("Akiyama"), they were not paid the minimum wage or required premium pay for overtime hours worked.

## II. MOVANT'S STATEMENT OF MATERIAL FACTS

1. Plaintiffs Garrou and Kishi were employed by Akiyama as sushi chefs (the "Sushi Chef Plaintiffs"). (Affidavits of Chris Garrou and Nobuhiko Kishi at 1), attached hereto as exhibits 1 and 2; (Answer at ¶2).

2. Plaintiffs Allsopp, Strode, Bose and Hathaway-Clark were employed by Akiyama as servers (the "Server Plaintiffs"). (Answer at ¶2).

3. The Sushi Chef Plaintiffs are non-exempt employees and, therefore, are entitled to be paid time and one-half their "regular rate of pay" for every hour worked in excess of 40 per week or 12 per day. (Def.'s Resp. Disc. Requests at 6), attached hereto as Exhibit 3, (admitting[1] that "Plaintiffs Garrou and Kishi are non-exempt employees under both the Fair Labor Standards Act and all Colorado Minimum Wage Orders and, therefore, are entitled to premium pay for overtime hours worked").

4. The Sushi Chef Plaintiffs did not receive premium pay for the overtime hours they worked. *Id.* (admitting that "Plaintiffs Garrou and Kishi did not receive premium pay for overtime hours worked"); (Garrou and Kishi Affidavits at 1).

5. Akiyama took the minimum wage tip credit for all hours worked by the Server Plaintiffs. *Sample Server Records*, attached hereto as Exhibit 5 (showing each Server Plaintiff's regular hourly rate); *Server Plaintiff Opt-In Consent Forms*, attached to Plaintiffs' *Class Action*

---

[1] On May 28, 2009, Plaintiffs served their First Set of Discovery Requests on Akiyama. On June 23, 2009, Akiyama mailed the document back to undersigned counsel with a note from Akiyama's President, Judy Harris, that Akiyama would not be "providing ... answers to the questions." *Id.* at 1. Since Akiyama is a corporation, it can appear only through counsel, *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006), a fact that undersigned counsel subsequently brought to Ms. Harris' attention. *E-mail of June 29, 2009 from Gonzales to Harris*, attached hereto as Exhibit 4. In response, Ms. Harris indicated that her attorney would be in touch. *E-mail of July 7, 2009 from Harris to Gonzales*, attached hereto as Exhibit 4. Undersigned counsel heard nothing further. Under F.R.C.P. 36 and *Tal*, Akiyama has admitted Plaintiffs' Requests for Admission by failing to respond properly to those requests through counsel.

2

*Complaint*. While taking the tip credit, Akiyama took a portion of the Server Plaintiffs' earned tips and gratuities and diverted those amounts to "back of the house" employees. (Def.'s Resp. Disc. Requests at 6) (admitting that "every day the restaurant was open for the past two years, tips given by [Akiyama] customers were collected and distributed to dishwashers, cooks and/or other kitchen employees").

6. Akiyama also retained portions of the Server Plaintiffs' tips for the benefit of Akiyama's owners. *Id.* (admitting that "every day the restaurant was open for the past two years, tips given by [Akiyama] customers were collected and distributed to the owners of Akiyama").

### III. ARGUMENT

Under the Minimum Wage Act, non-exempt employees must be paid time and one-half their regular rate of pay for all hours worked in excess of 40 per week or 12 per day. *Minimum Wage Order No. 25* at §4. It is undisputed that the Sushi Chef Plaintiffs were non-exempt employees of Akiyama who worked overtime hours without receiving overtime pay. (Movant's Facts 1, 3 and 4). Therefore, summary judgment is appropriate as to Akiyama's liability to the Sushi Chef Plaintiffs for unpaid overtime under the Minimum Wage Act. The sole remaining fact issue regarding the Sushi Chef Plaintiffs' state law overtime claim is the amount of compensation due.

The Minimum Wage Act allows restaurants to take a $3.02 "tip credit" against their obligation to pay their tipped employees the minimum wage. *Minimum Wage Order No. 25* at §3. In other words, restaurants can pay $3.02/hour less than the full minimum wage to servers. A prerequisite to doing so, however, is that servers be allowed to keep all of their tips. *Id.* If a restaurant diverts server tips to "back of the house" employees such as kitchen workers or cooks,

or if management takes tips, then the tip credit is nullified and must be refunded to the servers. *Id.* at §2, Definition of "Tipped Employee". Similarly, under no circumstance may restaurant owners take any portion of server tips. C.R.S. § 8-4-103(6). It is undisputed that Akiyama took a tip credit for every hour worked by the Server Plaintiffs while simultaneously diverting their tips to owners, management, cooks and dishwashers. (Movant's Facts 2 and 5, 6) Therefore, summary judgment is appropriate as to Akiyama's liability to the Server Plaintiffs for unpaid minimum wages under the Wage Claim and Minimum Wage Acts. The sole remaining fact issue regarding the Server Plaintiffs state law tip claim is the amount of compensation due each of the Server Plaintiffs to reimburse the tip credit and all tips diverted improperly.

## IV. CONCLUSION

Akiyama has admitted its liability to Plaintiffs for unpaid overtime and minimum wages. Even if Akiyama argues that its admissions should be nullified and it should be given an opportunity to respond to Plaintiffs' Request for Admission, it is unlikely that anything would change. The simple fact is that the Sushi Chef Plaintiffs were not paid overtime and Akiyama violated the requirements for taking the tip credit against the Server Plaintiffs' minimum wages. Therefore, summary judgment is appropriate as to Akiyama's liability in this lawsuit.

RESPECTFULLY SUBMITTED this 20th day of August, 2009

                                                s/Brian D. Gonzales
                                              Brian D. Gonzales
                                              THE LAW OFFICES OF
                                              BRIAN D. GONZALES, PLLC
                                              123 North College Avenue, Suite 200
                                              Fort Collins, Colorado 80524
                                              Telephone: (970) 212-4665
                                              Facsimile: (303) 539-9812

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2009, the foregoing **MOTION FOR SUMMARY JUDGMENT ON STATE LAW CLAIMS** was served by U.S. Mail and e-mail on the following:

Zhu X. "Judy" Harris
Akiyama Sushi Bar & Grill
6525 Gunpark Drive, Suite 330
Boulder, Colorado 80301

                                            s/Brian D. Gonzales