IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09-cv-00063-WYD-KMT

ERIK ALLSOP,
CHAD STRODE,
BRENNAN BOSE,
CHRIS GARROU, NOBUHIKO KISHI, and
JAY HATHAWAY-CLARK, on behalf of themselves and all similarly situated persons,

    Plaintiffs,

v.

AKIYAMA, INC., a Colorado corporation,
XHHU X "JUDY" HARRIS and
TODD D. HARRIS,

    Defendants.

---

**ORDER**

---

    This matter is before the court on a review of the file. On May 13, 2009, Defendants' counsel filed a motion to withdraw, citing irreconcilable differences. (Doc. No. 28.) This court granted the motion on May 14, 2009. (Doc. No. 34.) No counsel has entered its appearance on behalf of Defendant Akiyama, Inc., since May 14, 2009.

    It is a "long-standing rule that a corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted). A corporation cannot appear through a non-attorney corporate officer appearing *pro se*. *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001). Accordingly, it is

ORDERED that Defendant Akiyama, Inc., shall obtain counsel no later than **December 14, 2009**. Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A)(vi) permits the court to render a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). If Defendant Akiyama, Inc., has not obtained counsel by December 14, 2009, the court will recommend default judgment against it and in favor of Plaintiffs.

Dated this 13th day of November, 2009.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge