IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00063-WYD-KMT

ERIK ALLSOPP, CHAD STRODE, BRENNAN BOSE, CHRIS GARROU, NOBUHIKO KISHI and JAY HATHAWAY-CLARK, on behalf of themselves and all similarly situated persons,

    Plaintiffs,

v.

AKIYAMA, INC., a Colorado corporation, ZHU X. "JUDY" HARRIS, and TODD D. HARRIS,

    Defendants

---

**AMENDED REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON STATE LAW CLAIMS**

---

Pursuant to the Court's Minute Order of January 15, 2010 and FED.R.CIV.PROC. 56, Plaintiffs submit the following amended reply in support of their Motion for Summary Judgment on State Law Claims (the "Motion"), as follows:

### I. REPLY CONCERNING UNDISPUTED FACTS

**Undisputed Fact No. 1:** Defendant Akiyama, Inc. ("Akiyama") admits that Plaintiff Nobuhiko Kishi was a "sushi chef" but maintains that Plaintiff Chris Garrou was a "sushi assistant". (Resp. to Mot. at 2-3). Although, as explained below, this distinction is immaterial, Akiyama also has failed to support its position with any evidence.

**Undisputed Fact No. 2:** Akiyama admits this fact except for maintaining that Plaintiff Erik Allsopp actually was only a training server. (Resp. to Mot. at 3). Although, as explained

below, this distinction is immaterial, Akiyama also has failed to support its position with any evidence.

**Undisputed Fact No. 3:**  Akiyama admits that Mr. Garrou is a non-exempt employee entitled to overtime pay.  (Resp. to Mot. at 5).  Akiyama argues, without evidence, that Mr. Kishi is subject to certain statutory overtime exemptions.  (Resp. to Mot. at 4-5).  As explained below, however, even if Akiyama had provided any evidence, these exemptions do not apply to Mr. Kishi.

**Undisputed Fact No. 4:**  Akiyama admits that Mr. Kishi did not receive premium pay for overtime hours worked.  (Resp. to Mot. at 5-6).  Akiyama denies that Mr. Garrou ever worked unpaid overtime.  *Id.* at 6.  Again, however, Akiyama has provided no evidence to counter Mr. Garrou's affidavit testimony to the contrary.  (Garrou Aff. at 1), attached as Exhibit 1 to the Motion.

**Undisputed Fact No. 5:**  Akiyama admits that it took the tip credit against the Server Plaintiffs' minimum wages.  (Resp. to Mot. at 6-7).  Akiyama denies that it shared tips with "back of the house" employees.  *Id.* at 7.  Akiyama has failed to provide any evidence to support this assertion, however.  Moreover, since Plaintiffs initially filed the Motion, Akiyama has provided additional discovery that establishes conclusively that Akiyama improperly shared the Server Plaintiffs' tips with management employees.  (Def.'s Resp. to Pltfs' First Set of Disc. Req. at Interrog. No. 7), attached hereto as Exhibit 6; (Resp. to Mot. at 4-5).  Given this, and as explained below, the question of whether Akiyama shared tips with "back of the house" employees is redundant because liability already has been established as a matter of law.

**Undisputed Fact No. 6:** Without evidence, Akiyama denies that its owners took a portion of the Server Plaintiffs' tips. (Resp. to Mot. at 7). Again, however, this question is redundant as Akiyama's liability already is established by its admission that it allowed its managers to share in the tips.

## II. RESPONSE CONCERNING DISPUTED FACTS

**Disputed Fact Nos. 1-35:** None of Akiyama's purported disputed facts are "accompanied by specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed." *Practice Standard* III.B.5. Because Akiyama's "reference to material in the record does not support the claimed fact[s] . . . .", *Practice Standard* III.B.7, each disputed fact is denied by Plaintiffs. In addition, as explained below, all but four of the "facts" are immaterial to the discrete issues raised by Plaintiffs' Motion. *Id*.

**Disputed Fact Nos. 10, 15, 21, 23:** As mentioned, Plaintiffs deny these four disputed facts because Akiyama has failed to provide any evidentiary support. *Practice Standard* III.B.5. Moreover, none of the four statements actually constitutes a disputed fact. Instead, each sets forth an ultimate legal conclusion as to whether Akiyama violated Colorado state law, lost its entitlement to claim the tip credit, failed to pay overtime or improperly deducted amounts form Plaintiffs' wages. The error in these legal conclusions is explained in Plaintiffs' Motion and in this reply in support thereof.

## III. ARGUMENT

**A.    Akiyama's Additional Disputed Facts Are Immaterial And Unsupported.**

Akiyama provides a "laundry list" of 35  "additional disputed facts", (Resp. to Mot. at 7-10), concerning issues relating to the personal liability of Mr. and Mrs. Harris under an "alter

3

ego" theory or otherwise, the applicability of the FLSA, violations not relating to tips or overtime (*e.g.*, meal breaks and time shaving) and/or the propriety of class certification. As explained above, however, no evidence has been provided in support of these facts. Moreover, since Plaintiffs' Motion is directed solely to *Akiyama's* liability on Plaintiffs' *individual state law claims* relating to *tips* and *overtime*, none of these additional disputed facts is relevant or material. *Practice Standard* III.B.7.

### B. Plaintiffs Will Be Prejudiced if Akiyama is Allowed to Withdraw Its Admissions.

Plaintiffs served Akiyama with requests for admission on May 28, 2009. As required by FED.R.CIV.PROC. 36(a)(4), Akiyama did not, through counsel or otherwise, "specifically deny [Plaintiffs' requests] or state in detail why [Akiyama could not] truthfully admit or deny [them]." Therefore, Akiyama admitted the matters addressed in the requests. FED.R.CIV.PROC. 36(a)(3).

On January 4, 2010, acting on Akiyama's unopposed motion, the Court granted Akiyama additional time to respond to Plaintiffs' interrogatories and requests for the production of documents. No such extension has been granted with regard to Plaintiffs' requests for admission. Therefore, to avoid the effect of its admissions, FED.R.CIV.PROC. 36(b) requires Akiyama to move the Court for withdrawal. Akiyama has not done so.

In any event, motions to withdraw admissions should not be granted if the withdrawal "would prejudice the requesting party in maintaining or defending the action on the merits." FED.R.CIV.PROC. 36(b). In this case, Plaintiffs have relied on Akiyama's admissions in making decisions about the scope and necessity of additional discovery. Since Akiyama's admissions establish critical elements of Plaintiffs' case, Plaintiffs have foregone otherwise necessary discovery. Moreover, Plaintiffs' litigation strategy and settlement overtures have been based in

significant part on a belief that certain matters already have been established conclusively. Therefore, at this late stage of the litigation, withdrawal of the admissions would cause Plaintiffs considerable hardship. FED.R.CIV.PROC. 36(b) advisory committee note ("Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.")

Given its approach to this litigation, it also would be fair and equitable to hold Akiyama to the consequences of its admissions. Once Akiyama's former attorneys expressed their intent to withdraw for lack of payment, the Magistrate Judge made clear to Akiyama the dangers inherent in proceeding without counsel and informed Akiyama that it would be held to the rules of civil procedure. *See, e.g., September 3, 2009 Minute Order* ("Defendant has chosen to proceed without counsel, understanding the obstacles of doing so. Defendant is responsible for complying with the Rules of Civil Procedure and the local court rules.") Nonetheless, despite these repeated warnings, Akiyama simply ignored its litigation obligations by, among other things, refusing to respond either to discovery or to this Motion.

In addition, as explained below, the matters admitted by Akiyama should have been admitted in any event because they ultimately are factually accurate. Withdrawal of the admissions would serve only to complicate litigation of this case and force significant additional discovery when the ultimate outcome will be the same regardless.

**C.      Akiyama Has Provided No Evidence To Raise an Issue of Fact.**

In response to a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as

otherwise provided in this rule – set out specific facts showing a genuine issue for trial." FED.R.CIV.PROC. 56(e)(2). To meet its burden, Akiyama provides only a collection of documents. Nothing has been provided, however, to demonstrate the accuracy, authenticity and admissibility of the documents. Therefore, the documents are of no evidentiary value in opposing the Motion. *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of FED.R.CIV.PROC. 56(e). Documents which do not meet those requirements cannot be considered."); *Scott v. Edinburg*, 346 F.3d 752, 759-60 (7th Cir. 2003).

Since it has failed to provide any competent evidence to refute the Motion, Akiyama has not met its FED.R.CIV.PROC. 56(e)(2) burden. For this reason alone, summary judgment should be entered in favor of Plaintiffs.

**D.     Akiyama Is Liable To Plaintiff Kishi for Unpaid Overtime.**

Akiyama does not dispute that, as described in his affidavit, Mr. Kishi "worked numerous [overtime] hours" but "was never paid time and one-half 'premium pay' for working those overtime hours." (Kishi Aff. at 1), attached as Exhibit 2 to the Motion; (Resp. to Mot. at 5-6). Instead, Akiyama argues that Mr. Kishi is exempt from the overtime requirements of the Colorado Minimum Wage Act § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act"). (Resp. to Mot. at 4).

Although Akiyama claims that "Mr. Kishi is an exempt employee, based on his earnings, duties and supervisory responsibilities," *id.*, it does not specify the particular exemption on

6

which it relies. Based on the argument, however, it would appear that Akiyama's exemption claim is based on the "executive/supervisor" and/or "administrative employee" exemptions described in Sections 5(a) and (b) of Colorado Minimum Wage Order No. 25. As a matter of law, however, these exemptions do not apply.

To qualify for the executive exemption, Mr. Kishi must have: 1) "supervise[d] the work of at least two full-time employees"; 2) had "the authority to hire or fire, or to effectively recommend such action"; and 3) "spen[t] a minimum of 50 percent of the workweek in duties directly related to supervision." *Minimum Wage Order No. 25* at §5(b). Akiyama does not even argue that these elements have been satisfied, let alone providing any affidavits or other evidence in support. Moreover, Akiyama admits that Mr. Kishi was the only sushi chef and that his "primary daily responsibility was to manage the Akiyama sushi bar." (Resp. to Mot. at 3, 4). Since Mr. Kishi's primary responsibility was making sushi, he could not have spent 50 percent of his time executing management responsibilities.

Similarly, to qualify for the administrative exemption, Mr. Kishi's "primary duty" must have been: 1) "non-manual in nature"; and 2) "directly related to management policies or general business operations." *Minimum Wage Order No. 25* at §5(a). This exemption models the administrative exemption contained in the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., (the "FLSA") and reflects a dichotomy between production workers for a company – *i.e.* those who make what the company sells – and those workers who are involved in the administrative aspects of running the company. 29 C.F.R. §541.201 (To qualify for the administrative exemption, "an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a

7

manufacturing production line or selling a product in a retail or service establishment.") Here, it is undisputed that Mr. Kishi was a sushi chef whose primary job was making sushi. (Resp. to Mot. at 4). This is a manual job engaged in the production of the sushi Akiyama sells. Therefore, the administrative exemption cannot apply.

Akiyama describes Mr. Kishi's duties in a conclusory fashion but provides no supporting evidence in the form of an affidavit or otherwise. This is a critical failure of proof given that Akiyama has the burden to demonstrate the applicability of any exemptions. *Aaron v. City of Wichita, Kan.*, 54 F.3d 652, 657 (10th Cir. 1995) ("The employer has the burden of showing that its employees are exempt from the FLSA's overtime provisions."); *Chase v. Farmers Ins. Exch.*, 129 P.3d 1011, 1014-15 (Colo.App. 2004) (adopting the FLSA burden of proof for Minimum Wage Act claims). Particularly since this is Akiyama's burden, it cannot survive summary judgment without providing specific evidence to create an issue of fact – even in the face of no contrary evidence from Plaintiffs. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

As explained above, however, even if the Court were to overlook the lack of proof and accept Akiyama's conclusory job description as true, neither the executive nor the administrative exemption applies to Mr. Kishi. Therefore, Mr. Kishi is entitled to premium pay for any overtime hours worked, *Minimum Wage Order No. 25* at §4, and Akiyama is liable as a matter of law subject only to a determination at trial as to the amount of backpay owed.[1]

---

[1] Given Akiyama's admissions, however, resolution of these issues is redundant. Akiyama already has admitted that: 1) "Plaintiffs Garrou and Kishi are non-exempt employees under . . . all Colorado Minimum Wage Orders and, therefore, are entitled to premium pay for overtime hours worked; and 2) "Plaintiffs Garrou and Kishi did not receive premium pay for overtime hours worked." (Mot. at Exhibit 3)

### E.     **Akiyama Is Liable To Plaintiff Garrou for Unpaid Overtime.**

Akiyama asserts that Mr. Garrou was a "sushi assistant" and not a "sushi chef." (Resp. to Mot. at 3). For purposes of Plaintiffs' Motion, however, this distinction is irrelevant and does not give rise to a material issue of fact. What is important is whether Mr. Garrou's position was overtime exempt, which Akiyama does not argue. *Id*. at 5.

Instead, Akiyama argues that Mr. Garrou did not work unpaid overtime hours. *Id*. at 6. Again, however, Akiyama has provided no affidavit support for this assertion to counteract Mr. Garrou's sworn testimony that he "worked numerous [overtime] hours" and was "never paid time and one-half 'premium pay' for working those overtime hours." (Garrou Aff. at 1), attached as Exhibit 1 to the Motion. All that Akiyama has provided is an array of time sheets with no demonstration of their accuracy, authenticity of admissibility. This omission warrants a grant of summary judgment as to Akiyama's liability to Mr. Garrou for unpaid overtime with the sole remaining issue for trial being the extent of the backpay owed.[2]

### F.     **Akiyama Is Liable To The Server Plaintiffs To Reimburse All Tip Credits.**

Akiyama acknowledges that it took a tip credit against the minimum wages of the Server Plaintiffs.[3] (Resp. to Mot. at 6-7). Akiyama also acknowledges that it collected a portion of the Server Plaintiffs' tips and distributed those tips to others working at the restaurant. *Id*. Finally, Akiyama does not dispute that it is liable to refund any tip credits taken against the Server Plaintiffs' minimum wages if pooled tips were shared with management or "back of the house"

---

[2] As noted in Footnote 1, above, consideration of these issues is unnecessary in light of Akiyama's admissions.

[3] Akiyama argues that Mr. Allsopp always was a trainee and never became a full-fledged server. (Resp. to Mot. at 3). This distinction is irrelevant for purposes of Plaintiffs' Motion, however, and does not give rise to a material disputed issue of fact.

9

employees. *Id.* at 12. Akiyama's defense is based on its argument that all of those who shared in the Server Plaintiffs' tips were engaged in "front of the house" duties and, therefore, were proper tip pool participants. *Id.*

In its response, Akiyama admits that the "cook and the dishwasher" received a share of the Server Plaintiffs' tips. (Resp. to Mot. at 7). Akiyama claims, however, again without any affidavit support, that these individuals only received tips when they were performing "front of the house duties." *Id.* The lack of supporting evidence for this assertion is a critical failure of proof given that Akiyama has the burden to demonstrate the propriety of its tip pooling scheme. *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 549 n. 4 (6th Cir. 1999) (employer had burden to demonstrate propriety of its tip pooling scheme); *Chase,* 129 P.3d at 1014-15 (adopting the FLSA burden of proof for Minimum Wage Act claims). Particularly since this is Akiyama's burden, it cannot defeat summary judgment without providing specific evidence to create a fact issue– even in the face of no contrary evidence from Plaintiffs. *Celotex Corp.,* 477 U.S. at 325.[4]

In addition, Akiyama has admitted that Mr. Kishi – the former Akiyama sushi chef – is a participant in the tip pool. (Def.'s Resp. to Pltfs' First Set of Disc. Req. at Interrog. No. 7), attached hereto as Exhibit 6. As Akiyama argues strenuously, however, Mr. Kishi had "substantial managerial and administrative duties" at Akiyama, "regularly . . . manage[d] other employees" and, in fact, was "'second in command" after Akiyama's owner, Ms. Harris. (Resp.

---

[4] Determination of these issues is redundant given Akiyama's admissions that: 1) "every day the restaurant was open for the past two years, tips given by [Akiyama's] customers were collected and distributed to dishwashers, cooks and/or other kitchen employees; and 2) "every day the restaurant was open for the past two years, tips given by [Akiyama] customers were collected and distributed to the owners of Akiyama." (Mot. at Exhibit 3).

to Mot. at 4-5). As Akiyama recognizes, (Resp. to Mot. at 12), however, the Minimum Wage Act clearly prohibits the participation of management employees in a tip pool. *Minimum Wage Order No. 25* at §2, definition of "tipped employee" ("Employer-required sharing of tips with employees who do not customarily and regularly receive tips, such as management . . . shall nullify allowable tip credits towards the minimum wage . . . .") Therefore, the Court need not determine whether Akiyama's cook and dishwasher were appropriate tip recipients because the Akiyama tip pool already has been invalidated by Mr. Kishi's participation. Therefore, Akiyama's liability to the Server Plaintiffs has been established as a matter of law subject only to a trial determination of the amount of backpay owed.

## IV.  CONCLUSION

The purpose of summary judgment is to simplify litigation and avoid unnecessary expense when the evidence indicates the lack of any reasonable fact dispute. Here, Messrs. Garrou and Kishi indisputably were denied required overtime pay and the Server Plaintiffs' tips were misused. Although the precise amount of backpay owed remains to be determined at trial, Plaintiffs respectfully request the Court to narrow the issues in this litigation by entering summary judgment as to Akiyama's liability as authorized by FED.R.CIV.PROC. 56(d)(2).

RESPECTFULLY SUBMITTED this 19th day of January, 2010.

                                                                           ___s/Brian D. Gonzales_____  
                                                                           Brian D. Gonzales  
                                                                           THE LAW OFFICES OF  
                                                                           BRIAN D. GONZALES, PLLC  
                                                                           123 North College Avenue, Suite 200  
                                                                           Fort Collins, Colorado 80524  
                                                                           Telephone: (970) 212-4665  
                                                                           Facsimile: (303) 539-9812

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2010 the foregoing **AMENDED REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON STATE LAW CLAIMS** was served electronically on the following:

Peter A. Jarldane, Esq.  
PETER A. JARLDANE, P.C.  
11001 Westmoor Drive, Suite 400  
Westminster, Colorado 80021

                                                        _____s/Brian D. Gonzales_____