IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00063-WYD-KMT

ERIK ALLSOPP;
CHAD STRODE;
BRENNAN BOSE;
CHRIS GARROU;
NOBUHIKO KISHI; and
JAY HATHAWAY-CLARK, on behalf of themselves and all similarly situated persons,

    Plaintiffs,
v.

AKIYAMA, INC., a Colorado corporation;
ZHU X. "JUDY" HARRIS; and
TODD D. HARRIS,

    Defendants.

---

**ORDER GRANTING SUMMARY JUDGMENT ON STATE LAW CLAIMS**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiffs' Motion for Summary Judgment on State Law Claims filed August 20, 2009. A response was filed on December 31, 2009, and an amended reply was filed on January 19, 2010.

Plaintiffs' motion asserts that summary judgment should be granted on the state law claims asserting violations of the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101, *et seq.*, and the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-1-101, *et seq.*, as implemented by the Colorado Minimum Wage Order ("the Minimum Wage Act"). Plaintiffs allege that while employed by Defendant Akiyama, Inc. ["Akiyama"],

they were not paid the minimum wage or required premium pay for overtime hours worked. For the reasons stated below, Plaintiffs' motion is granted.

II. ANALYSIS

A. Summary Judgment Standard

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B. Akiyama's Attempted Withdrawal of Requests for Admissions

I first address the impact of Defendant Akiyama's failure to respond to Requests for Admissions that were served on it in May 2009. Pursuant to Fed. R. Civ. P. 36(a)(3), the requests for admission are now deemed admitted.

Defendants argue, however, that Akiyama should not be bound by its failure to respond to the Requests for Admission. (*See* Defs.' Resp. to Pls.' Mot. for Summ. J. on State Law Claims ["Def.'s Resp."] at 2, n. 1.) I reject this argument. While Defendants

contend that they requested an extension of time to respond to Plaintiff's First Discovery Requests, in which I note the Requests for Admission were contained, that is not correct. Instead, Defendants requested an extension of time only to respond to interrogatories and requests for production that had not been previously responded to. (Doc. # 52). The motion for an extension did not refer to Plaintiffs' First Set of Discovery Requests or to the requests for admissions. (*Id.*) Accordingly, I reject Defendants' argument that Plaintiffs' counsel agreed to allow them an extension of time to respond to the requests for admission. I also reject the argument that the Court's grant of an extension of time to defense counsel to file a response to Plaintiffs' summary judgment motion granted Akiyama permission to withdraw or amend its admissions.

      Defendants also assert that they will file a motion for withdrawal or amendment of the admissions if the Court disagrees with their arguments. Further, they assert that Akiyama's failure to respond to the requests for admission when it was not represented by counsel was not a willful attempt to evade discovery, and that any matter admitted under Fed. R. Civ. P. 36 is conclusive unless the court permits withdrawal or amendment of the admission. While the latter argument may be true, the fact remains that Defendants have not yet filed a motion to withdraw or amend the requests for admissions and they are currently deemed admitted.

      Further, the summary judgment motion has been pending over seven months and the requests for admission were submitted in May of 2009. I find that Akiyama should not be permitted to move to withdraw the admissions or amend responses because Plaintiffs will be prejudiced at this stage of the litigation by such action. Rule

36(b) states that motions to withdraw admissions should not be granted if the withdrawal "would prejudice the requesting party in maintaining or defending the action on the merits."  In this case, Plaintiffs assert that they have relied on Akiyama's admissions in making decisions about the scope and necessity of discovery.  Since Akiyama's admissions constitute critical aspects of their case, Plaintiffs state that they have foregone otherwise necessary discovery.  Further, I note that discovery has now closed, and the Pretrial Conference is set on April 6, 2010, after which trial will be set.  Plaintiffs also contend that their litigation strategy has been based in significant part on a belief that certain matters were already established conclusively.

I also note that once Akiyama's former attorneys expressed their intent to withdraw for lack of payment, Magistrate Judge Tafoya made clear to Akiyama the dangers inherent in proceeding without counsel and informed Defendants that they would be held to the rules of civil procedure.  (*See, e.g.*, September 3, 2009 Minute Order) ("Defendant has chosen to proceed without counsel, understanding the obstacles of doing so. Defendant is responsible for complying with the Rules of Civil Procedure and the local court rules.")  Despite these warnings, Akiyama ignored its litigation obligations by, among other things, refusing to respond either to discovery or to this summary judgment motion.

Under the circumstances set forth above, I agree with Plaintiffs that Akiyama should not be permitted to withdraw its admissions.  However, I note that this does not impact my ruling on the summary judgment motion, since I find that summary

judgment is appropriate even if the requests were not deemed admitted. I discuss the facts below in connection with my analysis of Plaintiffs' motion.[1]

C. Whether Summary Judgment is Proper

Under the Minimum Wage Act, non-exempt employees must be paid time and one-half their regular rate of pay for all hours worked in excess of 40 per week or 12 per day. *Minimum Wage Order No. 25*, 7 CO ADC 1103-1, at § 4. Plaintiffs argue that Nobuhiko Kishi ("Kishi") and Chris Garrou ("Garrou") were employed by Akiyama as sushi chefs, that they were non-exempt employees and were entitled to be paid time and one-half for hours for overtime, and that they were not paid such overtime.

Defendants admit that Kishi and Garrou were employed by them and that Kishi was a sushi chef. While they deny that Garrou was a sushi chef, I find that this is not material for purposes of this motion, as the issue is whether his position was overtime exempt which Akiyama does not dispute.[2] As to the liability issue, Defendants argue that Kishi was an exempt employee under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and Colorado Wage Act Order 25 based on his compensation and his duties. Therefore, they assert that summary judgment is inappropriate as to

---

[1] My discussion of the facts does not include any of Defendants' facts asserted in their Statement of Additional Disputed Facts in the response brief . That is because Defendants did not cite any evidence to support the facts as required by Rule 56(e) and Section III.B.5 of my Practice Standards. Further, I deem the facts immaterial to resolution of this motion or improper legal conclusions for the reasons explained by Plaintiffs in their reply brief.

[2] Further, they provided no evidence to support their assertion that Garrou was only a sushi assistant or to overcome the evidence presented by Plaintiffs on this issue. Thus, they have failed to create a genuine issue of material fact on this issue. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, to its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial").

Akiyama's liability to him for unpaid overtime under the Minimum Wage Act. As to Garrou, Defendants argue that he either was not owed any overtime or that he received any overtime to which he was entitled. I reject these argument for the reasons discussed below.

First, it is undisputed through the Requests for Admissions that Garrou and Kishi are non-exempt employees under both the FLSA and the Colorado Minimum Wage Orders and that they are entitled to premium pay for overtime worked. As such, they are entitled to be paid time and one-half their regular rate of pay for overtime (hours worked in excess of 40 hours per week or 12 per day). It is also undisputed through the Requests for Admissions that Garrou and Kishi did not receive premium pay for overtime hours worked. Per the Requests for Admissions, I find that summary judgment is appropriate as to Kishi and Garrou on the issue of Akiyama's liability to them for overtime pay.

Even if I were to were to disregard the Requests for Admissions, I still find that summary judgment is appropriate on the issue of overtime pay to Garrou and Kishi. As to Kishi, Defendants assert in their response that he is an exempt employee based on his earnings, duties, and supervisory responsibilities. Specifically, they assert that he had substantial managerial and supervisory duties in addition to his primary duty as a sushi chef which required him to use his independent discretion and judgment. As such, they assert that he was not owed premium pay for overtime hours worked.

I find that Defendants have not satisfied their burden of showing that Kishi is exempt. First, they have described Kishi's duties in a conclusory fashion but have

provided no supporting evidence in the form of an affidavit or otherwise.  This is a critical failure of proof given that Akiyama has the burden to demonstrate the applicability of any exemptions.  *Aaron v. City of Wichita, Kan.*, 54 F.3d 652, 657 (10th Cir. 1995); *Chase v. Farmers Ins. Exch.*, 129 P.3d 1011, 1014-15 (Colo. Ct. App. 2004) (adopting the FLSA burden of proof for Minimum Wage Act claims).  Defendants cannot survive summary judgment without providing evidence to create an issue of fact on this issue.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Second, even if I were to overlook the lack of proof and accept Akiyama's conclusory job description as true, I still find that Defendants have not established that Kishi is an exempt employee.  First, Defendants do not even specify the particular exemption on which they rely.  It appears, however, based on their argument, that Akiyama is relying on the "executive/supervisor" and/or "administrative employee" exemptions described in Sections 5(a) and (b) of Colorado Minimum Wage Order No. 25.  However, I find that these exemptions do not apply as a matter of law.

To qualify for the executive exemption, Kishi must have: 1) "supervise[d] the work of at least two full-time employees"; 2) had "the authority to hire or fire, or to effectively recommend such action"; and 3) "spen[t] a minimum of 50 percent of the workweek in duties directly related to supervision."  *Minimum Wage Order No. 25* at §5(b).  Akiyama does not argue how these elements have been satisfied or provide an affidavit or other evidence that supports application of this exemption.  Moreover, Akiyama admits that Kishi was the only sushi chef and that his "primary daily responsibility was to manage

the Akiyama sushi bar." (Resp. to Mot. at 3, 4). This description of his job would not appear to meet the requirements of the exemption.

Similarly, to qualify for the administrative exemption, Kishi's "primary duty" must have been: 1) "non-manual in nature"; and 2) "directly related to management policies or general business operations" and he must have regularly performed "duties important to the decision-making process of the executive". *Minimum Wage Order No. 25* at §5(a). This exemption models the administrative exemption contained in the FLSA and reflects a dichotomy between workers who make what the company sells and those who are involved in the administrative aspects of running the company. 29 C.F.R. § 541.201 (to qualify for the administrative exemption, "an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer", i.e., "work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment"). Again, Defendants have not shown how this exemption applies. Further, it is undisputed that Kishi was a sushi chef whose primary job was making sushi. (Resp. to Mot. at 4). This would appear to be a manual job engaged in the production of the sushi Akiyama sells. Therefore, I find that this exemption is also not applicable.

From the foregoing, I find that Defendants have not shown that Kishi is an exempt employee and he is entitled as a matter of law to premium pay for overtime hours worked. *Minimum Wage Order No. 25* at § 4.

As to Garrou, Defendants argue that he either was owed no overtime or that he received any overtime to which he was entitled. While they cite to labor records attached to their response brief, no evidence has been provided to demonstrate the accuracy, authenticity and admissibility of the documents. *See Taylor v. Principi*, 141 Fed. Appx. 705, 708 (10th Cir. 2005) (documents were properly not considered on summary judgment when defendant timely objected to their authenticity and plaintiff did not correct the deficiency by identifying the source of the document and their absence of altercation). Further, I find that these documents are not admissible without an adequate foundation being laid under Fed. R. Evid. 901. *See Law Co. Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, (10th Cir. 2009) (court must make determination of admissibility when as here, documents are not on letterhead and there has been showing that they were produced in discovery). Thus, I agree with Plaintiffs that these documents are of no evidentiary value in opposing the motion. Further, Akiyama has provided no affidavit support to refute Garrou's sworn testimony that he "worked numerous [overtime] hours" and was "never paid time and one-half 'premium pay' for working those overtime hours." (Garrou Aff. at 1, Ex. 1 to Mot. for Summ. J.)

Based on the foregoing, I find that summary judgment should be granted as to Akiyama's liability to both Garrou and Kishi for unpaid overtime with the sole remaining issue for trial being the extent of the backpay owed.

I now turn to Plaintiffs Erik Allsopp ("Allsopp"), Chad Strode ("Strode"), Brennan Bose ("Bose") and Jay Hathaway-Clark ("Hathaway-Clark") who were employed by

Akiyama as servers.[3] Plaintiffs assert that it is undisputed that Akiyama took a tip credit for every hour worked by these Plaintiffs while simultaneously diverting their tips to owners, management, cooks and dishwashers.

Turning to my analysis, the Minimum Wage Act allows restaurants to take a $3.02 "tip credit" against their obligation to pay their tipped employees the minimum wage. *Minimum Wage Order No. 25* at § 3. Thus, restaurants can pay $3.02/hour less than the full minimum wage to servers. A prerequisite to doing so, however, is that servers be allowed to keep all of their tips. *Id*. If a restaurant diverts server tips to "back of the house" employees such as kitchen workers or cooks who do not customarily and regularly receive tips, or if management takes tips, then the tip credit is nullified and must be refunded to the servers. *Id*. at § 2. Similarly, under no circumstance may restaurant owners take any portion of server tips. Colo. Rev. Stat. § 8-4-103(6).

In this case, it is undisputed through the Requests for Admission that Akiyama collected tips from customers and distributed them to dishwashers, cooks, and/or other kitchen employees and to the owners of the Akiyama. Based on these Requests for Admissions, which are deemed admitted, summary judgment is appropriate as to Allsopp, Strode, Bose and Hathaway-Clark on this issue. Akiyama is liable to refund any tip credits taken against their minimum wages.

---

[3] Defendants admit that Strode, Bose and Hathaway-Clark were servers but deny this as to Allsopp, claiming he was in training. The only evidence they provide is a calculation of hours Allsopp worked (a little less than 22 hours according to Ex. A to Resp. Br.), but I am not sure how this refutes the argument that he was a server. Again too, these records were not properly authenticated and are thus not proper evidence that the Court can consider.

Even if I were to disregard the Requests for Admissions on this issue, I find that Defendants have not shown that there is a genuine issue of material fact on this issue which defeats summary judgment. Akiyama admits in its response that it took the minimum wage tip credit. It also does not dispute that it is liable to refund any tip credits taken against the server Plaintiffs' minimum wages if pooled tips were shared with management or "back of the house" employees. Akiyama also admits that the "cook and the dishwasher" received a share of the server Plaintiffs' tips (Resp. to Mot. at 7), but claim that these individuals and/or other employees only received tips when they were performing "front of the house duties." *Id.* Finally, Akiyama denies that it retained portions of the servers' tips for the benefit of Akiyama's owners. Therefore, they argue that summary judgment is inappropriate as to Akiyama's liability to Allsopp, Strode, Bose and Hathaway-Clark for unpaid minimum wages under the Wage Claim and Minimum Wage Acts.

Defendants have not, however, provided any evidence to refute the evidence presented by Plaintiffs on this issue or to create a genuine issue of material fact on this issue. The lack of supporting evidence for this assertion is a critical failure of proof given that Akiyama has the burden to demonstrate the propriety of its tip pooling scheme. *See Myers v. Copper Cellar Corp.*, 192 F.3d 546, 549 n. 4 (6th Cir. 1999) (employer had burden to demonstrate propriety of its tip pooling scheme); *Chase*, 129 P.3d at 1014-15 (adopting the FLSA burden of proof for Minimum Wage Act claims). Particularly since this is Akiyama's burden, it cannot defeat summary judgment without

providing specific evidence to create a fact issue–even in the face of no contrary evidence from Plaintiffs. *Celotex Corp.,* 477 U.S. at 325.

In addition, Akiyama has admitted that Kishi, the former Akiyama sushi chef, is a participant in the tip pool. (Def.'s Resp. to Pls.' First Set of Disc. Req. at Interrog. No. 7, Ex. 6 to Reply.) Akiyama submitted in its response brief, however, that Kishi had "substantial managerial and administrative duties" at Akiyama, "regularly . . . manage[d] other employees" and, in fact, was "'second in command" after Akiyama's owner, Ms. Harris. (Resp. to Mot. at 4-5.) As Akiyama recognizes (Resp. to Mot. at 12), however, the Minimum Wage Act clearly prohibits the participation of management employees in a tip pool. *Minimum Wage Order No. 25* at §2, definition of "tipped employee" ("Employer-required sharing of tips with employees who do not customarily and regularly receive tips, such as management . . . shall nullify allowable tip credits towards the minimum wage . . . .") Therefore, the Court need not determine whether Akiyama's cook and dishwasher were appropriate tip recipients because the Akiyama tip pool already has been invalidated by Kishi's participation. At the very least there are genuine issues of material fact on this issue.

Accordingly, I find that summary judgment is appropriate as to Akiyama's liability to Allsopp, Strode, Bose and Hathaway-Clark for unpaid minimum wages under the Wage Claim and Minimum Wage Acts. The sole remaining fact issue regarding these Plaintiffs' state law tips is the amount of compensation due each of the Plaintiffs to reimburse the tip credit and all tips diverted improperly.

III. <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Plaintiffs' Motion for Summary Judgment on State Law Claims (doc. # 36) is **GRANTED**. Summary judgment is granted in favor of Plaintiffs and against Defendants on the second and third claims for violations of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*. The only remaining issue on these claims is the amount of damages owed to Plaintiffs.

Dated: March 26, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge